UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOE HAND PROMOTIONS, INC.        CASE NO. 13-6078 I (4)

VERSUS

CASINOS, INC. d/b/a CASINOS LOUNGE,
JULIUS P. HEBERT and NAOMI B. HEBERT

## ANSWER TO COMPLAINT

NOW INTO COURT, through undersigned counsel, come defendants, CASINOS, INC. d/b/a CASINOS LOUNGE, JULIUS P. HEBERT and NAOMI B. HEBERT, in answer to the complaint of Joe Hand Promotions, Inc., respectfully state:

### FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The complaint fails to state a claim upon which relief may be granted against all defendants.

### ANSWER TO SPECIFIC ALLEGATIONS

And now, in answer to the allegations of the complaint, defendants state:

1.

Defendants admit that venue is proper in this court.

2.

Defendants deny the allegations of paragraph 2. At all times pertinent herein, defendants acted in good faith, without willful or malicious intent, and without knowing of the existence of any law prohibiting any of their activities; and without knowing or willful violation of any law governing their activities.

3.

Defendants admit their status as set forth in paragraph 3 of the Complaint.

**Answer**
**Case No. 13-6078 I(4)**
**Page 2**

4.

Defendants admit that Casinos, Inc. does business as Casinos Lounge in Terrebonne Parish, Louisiana.

5.

Defendants admit that Casinos possesses a Louisiana liquor license.

6.

Defendants admit that their liquor license was current at all times and in full force and effect.

7.

Defendants Julius and Naomi Hebert are not familiar with the document described as "Schedule A" in paragraph 7 of the complaint and thus deny the allegations for lack of sufficient information to justify a belief therein. However, further answering, Julius and Naomi Hebert admit that they filed, completed and signed any and all documents necessary for Casinos, Inc. to obtain a license to sell alcoholic beverages in Terrebonne Parish, Louisiana.

8.

Defendants Julius and Naomi Hebert are not familiar with the document described as "Schedule A" in paragraph 8 of the complaint and thus deny the allegations for lack of sufficient information to justify a belief therein. However, further answering, Julius and Naomi Hebert admit that they filed, completed and signed any and all

**Answer**
**Case No. 13-6078 I(4)**
**Page 3**

documents necessary for Casinos, Inc. to obtain a license to sell alcoholic beverages in Terrebonne Parish, Louisiana.

9.

Defendants admit that Julius P. Hebert is President and a Director of Casinos, Inc.

10.

Defendants admit that Naomi B. Hebert is Vice President of Casinos, Inc.

11.

The allegations of Paragraph 11 of the Complaint are legal conclusions. However, defendants deny the allegations and conclusions.

12.

Denied for lack of sufficient information to justify a belief therein.

13.

Casinos, Inc. admits it possesses a license to sell alcoholic beverages but denies the remaining allegations of Paragraph 13.

14.

Defendants Julius and Naomi Hebert admit that they had the right and ability to supervise the business and activities of Casinos, Inc. However, they deny and call for strict proof the allegation that they unlawfully intercepted Joe Hand's program.

**Answer**
Case No. 13-6078 I(4)
Page 4

15.

Denied as written. Further answering, Julius and Naomi Hebert state that any and all sales of alcoholic beverages at Casinos Lounge were done in accordance with and not in violation of the law.

16.

Denied. Further answering, defendants state that all of their actions were performed in good faith and without the knowledge or intent to violate any law, including all allegations of Paragraph 16. Further, neither Julius nor Naomi Hebert acquiesced, acknowledged or otherwise made any statement that there was an unlawful interception or broadcast of Joe Hand's program on Casinos' premises. Neither Julius nor Naomi Hebert specifically and/or willfully directed any of their employees or customers to unlawfully intercept and broadcast Joe Hand's program at Casinos.

17.

While Julius and Naomi Hebert, as stockholders of Casinos, Inc., had a financial interest in Casinos Lounge, they deny that they unlawfully intercepted Joe Hand's program and deny that they achieved any financial gain, commercial advantage or financial interest in the broadcast of Joe Hand's program.

18.

Denied, defendants calling for strict proof.

19.

Denied, defendants calling for strict proof.

20.

No answer is required of this allegation, but to the extent one is, the allegations are denied.

21.

Denied for lack of sufficient information to justify a belief therein.

22.

Denied for lack of sufficient information to justify a belief therein.

Further answering, defendants state that they purchased the right to show <u>Ultimate Fighting Championship 145: Jon Jones v. Rashad Evans</u> on their account with Direct TV on April 21, 2013, at the request of a good friend who asked them to show the program for her husband, who was coming home from an extended work engagement. They believed, in good faith, that all of their actions were legal and within all of their rights. Of the 20-30 persons who were in and out of Casinos that evening, most were good friends and family members. Defendants state that they were in good faith in connection with any and all activities at Casinos Lounge.

23.

Denied for lack of sufficient information to justify a belief therein.

24.

Denied. Defendants calling for strict proof.

25.

Denied. Defendants calling for strict proof.

26.

The allegations of paragraph 26 are statements of legal interpretation of various laws, which require no answer by the defendants. To the extent an answer is required, defendants deny the allegations of paragraph 26.

27.

Denied. Defendants calling for strict proof.

28.

Denied. Defendants calling for strict proof.

29.

Denied. Defendants calling for strict proof.

30.

No answer is required to the allegations of paragraph 30. To the extent one is, defendants deny the allegations of paragraph 30.

31.

Denied. Defendants calling for strict proof.

32.

Denied. Defendants calling for strict proof.

33.

Denied. Defendants calling for strict proof.

34.

Denied. Defendants calling for strict proof.

35.

No answer is required to the allegations of paragraph 35. To the extent one is, defendants deny the allegations of paragraph 35.

36.

Denied. Defendants calling for strict proof.

37.

Denied. Defendants calling for strict proof.

38.

Denied. Defendants calling for strict proof. Further answering, defendants state that all of their actions were conducted in good faith and in what they believed to be complete compliance with all laws. None of the defendants acted maliciously, willfully, egregiously or intentionally to deprive Joe Hand of anything. Defendants further deny that Joe Hand suffered severe economic distress, great financial loss and/or loss of the opportunity to earn income.

39.

Denied. Defendants calling for strict proof.

40.

Denied. Defendants calling for strict proof. Further answering, defendants state that the claims of Joe Hand do not exceed the jurisdictional limits of this court.

41.

Defendants state that the allegations of paragraph 41 are interpretations of law, which require no answer. However, to the extent an answer is required, defendants deny the allegations of paragraph 41.

AND NOW, FURTHER ANSWERING, defendants state:

42.

At all times pertinent herein, none of the defendants was aware or had reason to believe that its, his or her acts constituted violation of any statute at issue herein.

43.

Defendants did not charge a cover charge, advertise any activities or serve any food on April 21, 2013 at Casinos Lounge.

44.

At all times pertinent herein, defendants acted in good faith, without willful, malicious, egregious, or intentional actions to violate any law or to harm Joe Hand in any manner.

45.

At all times pertinent herein, defendants were unaware of any law prohibiting or limiting their activities; they were thus unaware of the violation of any law, and acted in good faith in connection with their activities.

46.

Defendants, Julius and Naomi Hebert, are the sole stockholders of Casinos, Inc. As such, they allege that the only proper party to this litigation is Casinos, Inc. and not Julius and/or Naomi Hebert individually.

## REQUEST FOR TRIAL BY JURY

Defendants hereby plead and request trial by jury on any and all issues for which a jury trial may be allowed.

WHEREFORE, defendants, Casinos, Inc., Julius P. Hebert and Naomi Hebert, pray that this answer, along with the defenses asserted herein, be deemed good and sufficient; and that after all due proceedings there be judgment herein in favor of defendants, against petitioner, dismissing its demands at its costs; for trial by jury; and for all other general and equitable relief.

Respectfully Submitted:
KOPFLER & HERMANN, (L.C.)

BY: /s/ *Jerry L. Hermann*
JERRY L. HERMANN (LA Bar #6823)
Attorney for Casinos, Inc., Julius P. Hebert
 and Naomi B. Hebert
7910 Main Street, Ste. 400
P. O. Drawer 3760
Houma, LA 70361
Telephone: (985) 851-3311
Fax: (985) 851-4521

**Answer**
**Case No. 13-6078 I(4)**
**Page 10**

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this 31st day of October, 2013, served a copy of the foregoing pleading on Mr. Ronnie J. Berthelot, The Berthelot Law Firm, LLC, 1660 Thibodeaux Avenue, Baton Rouge, LA  70802, counsel for defendants to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

                                                     */s/Jerry L. Hermann*
                                                     JERRY L. HERMANN